Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El día 23 de mayo de 1995, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una sentencia desestimando una demanda por violación de contrato y reclamación de propiedad intelectual, presentada por la parte apelante Juan Harguindey Ferrer contra la parte apelada Universidad Interamericana de Puerto Rico, y Freddie Medina, (en adelante Universidad) por falta de jurisdicción.
No estando conforme con la sentencia emitida por el tribunal de instancia, la parte apelante presentó el día 29 de junio de 1995 un recurso de apelación ante nos, en el cual alega la comisión del siguiente error por parte del tribunal de instancia.
*1432 "Erró cZ Honorable Tribunal al interpretar la demanda incoada de la forma menos favorable a la parte demandante, contra su jurisdicción y haber negado el cobijo (sic) del foro a una acción í contractual y a una acción por derechos morales de autor."
Evaluados los alegatos presentados por las partes, procedemos a confirmar la sentencia de desestimación por falta de jurisdicción emitida por el tribunal de instancia por los siguientes fundamentos. i
I
Los hechos que no están en controversia y que fueron determinados por el tribunal de instancia para la adjudicación de la moción de desestimación, son los siguientes.
La parte apelante alegadamente fue requerida por las autoridades universitarias para que de la obra ¡ "General Biology, Laboratory Activities, Vol. I, II, III" cuyo autor es el profesor Robert F. Hehman y I la casa editora Burgess-Publishing, colaborase en la preparación para la publicación de una versión en . español de dicha obra que se titularía, Manual de Actividades de Laboratorio de Zoología, Volumen I. Su aportación iba dirigida a editar y a reorganizar linuísticamente el material que se había provisto de ! antemano, el cual estaba traducido del idioma inglés, con la finalidad de realizar un trabajo apto para ser publicado. '
Eventualmente el libro fue terminado y publicado previo el pago de las regalías correspondientes, sin que la parte ¡apelante alegadamente recibiera pago alguno y se omitió el incluir su nombre en calidad de editor lingüístico de la obra.
Inconforme con tal actuación la parte apelante presentó demanda contra la Universidad donde acepta en sus alegaciones que el Dr. Robert F. Hehman y la casa editora conservó los derechos de autor sobre la obra terminada y que la Universidad le prometió "[l]a parte ¡correspondiente al j producto final de publicación como retribución económica, así como el debido reconocimiento a la ■ propiedad intelectual allí expuesta." (Ap. I, pág. 1.) Señala que el trabajo intelectual o autoría que él llevó a cabo se sustituyó por el del Dr. Freddie Medina, constituyendo esto una usurpación de los j derechos extrapatrimoniales de su propiedad intelectual. Aduce además que el mercadeo de la obra sin reconocer su trabajo intelectual ha provocado un enriquecimiento moral y económico a favor de la j Universidad. (Ap. I, pág. 2.)
La Universidad alega que nunca suscribió un contrato con la parte apelante por lo que era irreal la í posibilidad de que existiera una relación contractual entre ellos y que el trabajo que éste realizó era ■ parte de sus gestiones universitarias como profesor las cuales contribuían a su desarrollo profesional y al crecimiento de la institución. Además argumenta, que la Universidad tampoco espera recibir ■ regalías o algún tipo de beneficio económico derivado de la traducción y adaptación de la obra del Dr. Robert F. Hehman, por motivo de que los mismos ya están debidamente registrados a nombre de su autor en propiedad. (Alegato en Oposición, págs. 8 a 11.)
Conforme a los hechos esbozados el tribunal de instancia desestimó la demanda por falta de jurisdicción al concluir que la causa de acción está regulada por legislación federal.
II
Sobre la determinación que hizo el tribunal de instancia desestimando la demanda debemos señalar , lo siguiente. j
El texto de la Regla 10.2 de las de Procedimiento Civil, 0 32 L.P.R.A. Ap. III y la jurisprudencia ■ establece, que frente a la determinación de si procede o no desestimar una demanda, el tribunal deberá interpretar las alegaciones de ésta, de la manera más liberal posible a favor de la parte demandante. La moción para desestimar no ha de considerarse sólo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio. Pressure Vessels of P.R. v. Empire Gas of P.R., opinión de 23 de noviembre de 1994, 94 J.T.S. 144, pág. 431, Unisys Puerto Rico, Inc. v. Ramallo Brothers, opinión de 28 de junio de 1991, 91 J.T.S. 69, pág. 8856. (Casos citados.)
*1433 A los fines de resolver una moción para desestimar, nuestro más alto foro ha expresado, que deben aceptarse como ciertas las alegaciones contenidas en la demanda. Ramos v. Marrero, 116 D.P.R. 357, 369 (1985). Cabe advertir que esta doctrina de tomar como ciertos los hechos alegados se aplica solamente en cuanto a hechos bien alegados, concebidos y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Ramos Lozada v. Orientalist Rattan Furniture, opinión de 15 de junio de 1992, 92 J.T.S. 74, pág. 9580; First Federal v. Asociación de Condómines, 114 D.P.R. 426, 431-432(1983).
Los hechos alegados en la demanda tomados como ciertos bajo los principios de derecho antes comentados, dan base a recurrir al caso normativo sobre propiedad intelectual en nuestra jurisdicción, Pancorbo v. Wometco, 115 D.P.R. 495 (1984), el cual provee la norma de derecho aplicable a controversias de esta naturaleza. En el mismo se dispone que el concepto de propiedad intelectual comprende dos categorías de derechos: los de índole económica o patrimonial y los extrapatrimoniales, vinculados a la personalidad del autor.
Sobre el particular el Tribunal Supremo en el caso antes mencionado, se ha expresado que la Ley Federal sobre Propiedad Intelectual, 17 U.S.C. see. 106 establece cuáles son los derechos del dueño de una obra registrada. Entre ellos se incluyen los derechos legales o en equidad equivalentes a los derechos exclusivos sobre la reproducción y cualquier trabajo derivado de la obra original.
La ley sobre derechos de autor previamente citada en su sección 101 define "derivative work" de la siguiente manera:

"Is a work based upon one or more preexisting works, such as a translation... or any other form in which a work may be recast, transformed or adapted. A work consisting of editorial revisions, annotations, elaborations which as a whole represent an original work of authorship is a derívate work."

De otra parte a tenor con lo establecido por la Ley Federal sobre Propiedad Intelectual, queda claro que ésta no desplaza la acción estatal, si el interés que se desea proteger localmente es distinto a aquéllos que el estatuto federal protege. El caso normativo antes señalado resolvió que si "[l]a acción estatal intenta proteger derechos que radican fuera del ámbito de la política federal y si tales derechos tienen por fuente intereses locales de honda raíz, la causa de acción local persiste." Pancorbo v. Wometco, supra, pág. 500.
III
Acorde a las normas de derecho antes expresadas, analicemos los hechos particulares en el caso ante nos. La parte apelante, basa su reclamación en el perjuicio económico que sufrió al no ser retribuido económicamente como se le había prometido por la Universidad por el producto final de publicación, así como el no reconocerle el trabajo o propiedad intelectual que realizó, lo cual constituye un enriquecimiento económico y moral injusto.
De los autos se desprende que el trabajo alegadamente realizado por la parte apelante, hecho básico de donde surge su reclamación, corresponde exactamente a las definiciones provistas por la ley federal antes mencionada. Los derechos sobre "derivative works" le pertenecen al autor de la obra, en el presente caso el Dr; Robert F. Hehman, cuyos derechos están registrados originalmente, pudiendo éste reclamar sobre la traducción, edición, adaptación, elaboración o modificación de la misma.
Concluimos al igual que el tribunal de instancia, que tomando como ciertos los hechos alegados en la demanda de la manera más favorable al apelante, nos enfrentamos a una reclamación puramente económica y por tal razón en lo que respecta a los derechos patrimoniales de propiedad intelectual, equivalentes a los derechos protegidos por la ley federal, el campo está ocupado por lo cual no hay jurisdicción para considerar la misma. Estando el campo ocupado por una legislación federal, el tribunal de instancia carece de jurisdicción sobre la materia para atender el asunto planteado. Pancorbo v. Wometco, supra, pág. 502.
IV
Por todo lo antes expuesto y por ser ésta una materia de exclusividad reconocida por la legislación *1434 federal, procedemos a confirmar la sentencia de desestimación por falta de jurisdicción, según fuera emitida por el tribunal de instancia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General